LOTT v. COUSINS et al.

(Court of Civil Appeals of Texas. Feb. 2, 1911.)

VENDOR AND PURCHASER (§ 265*) — LIEN NOTES—ASSUMPTION.

One who, upon purchasing land, assumed the payment of vendor's lien notes executed by his grantor, was bound to make payment thereof to the holder at maturity, and was not merely liable for their payment to his grantor.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 700–712; Dec. Dig. § 265.*]

Error from District Court, Smith County; R. W. Simpson, Judge.

Action by W. H. Cousins against John A. Lott and others. Judgment for plaintiff against certain defendants, and defendant Lott brings error. Affirmed.

Price & Beaird, for plaintiff in error. Hanson & Butler, for defendant in error Cousins.

HODGES, J. The judgment from which this writ of error is prosecuted was rendered in a suit instituted in the district court of Smith county by the defendants in error against Joe and John Verrell, John A. Lott, the plaintiff in error, and T. N. Jones, on two promissory notes for the sum of $116.65 each. The notes were given as the purchase price of a tract of land, upon which the foreclosure of a lien was also sought and obtained. Service of citation was had upon the Verrells and the plaintiff in error, but none upon Jones. The plaintiff in the suit dismissed as to Jones, and took a personal judgment by default against the other parties, and also secured a decree foreclosing his vendor's lien upon the land. The plaintiff in error, Lott, is the only one who complains of that judgment.

In the one assignment of error presented in his brief it is claimed that the petition was insufficient to authorize a personal judgment against him. The petition contains, after the usual averments necessary in suits on promissory notes seeking the foreclosure of a lien, the following: "Plaintiff would further allege and show that the defendant John A. Lott purchased the said land from the said John and Joe Verrell since said notes were executed, and assumed the payment of said two notes, and has since said time sold said land to defendant T. N. Jones,"

etc. The recitation in the judgment shows that the court heard testimony upon the issue as to whether or not Lott had assumed the payment of the notes. It is insisted that in assuming such payment, Lott became liable, if at all, only to the Verrells. The effect of Lott's assumption was to undertake the payment of the notes according to their tenor and effect, and that necessarily carried with it the obligation of making such payment to the owner and holder of the notes at the time of their maturity. Hoeldtke v. Horstman, 128 S. W. 642, and cases there cited.

The judgment of the district court is affirmed.